Argued and submitted January 31; appeal of general judgment and supplemental judgments for attorney fees against plaintiff Monique Tyler, on behalf of Audrey B. Butler, dismissed, supplemental judgments for attorney fees against plaintiff Monique Tyler in her personal capacity affirmed December 18, 2019

Monique TYLER,
on behalf of Audrey B. Butler, a vulnerable person,
and Monique Tyler, in her personal capacity,
*Plaintiff-Appellant,*

*v.*

Stanley W. WHETZEL, Jr.,
an individual;
John K. Gordinier, an individual; and
Mary Ellen Page Farr, an individual,
*Defendants-Respondents.*

Multnomah County Circuit Court
14CV16589; A161519

457 P3d 338

Plaintiff, as the trustee of her mother's revocable trust, filed an action against defendants for financial abuse of a vulnerable person, under ORS 124.100(3)(d), on behalf of her mother. The trial court dismissed the claims. Shortly thereafter, plaintiff's mother passed away. A few weeks later, plaintiff filed a notice of appeal. Over a year later, defendants moved to dismiss the appeal on the ground that, after plaintiff's mother's death, plaintiff lacked authority to initiate or pursue an appeal on her mother's behalf. On appeal, plaintiff argues that, as trustee, she is the proper party to this action, not her deceased mother. *Held*: Upon plaintiff's mother's death, her financial abuse claims survived to the personal representative of her estate under ORS 115.305. Once the claims survived to the estate, plaintiff, as trustee of her mother's estate, was no longer the real party in interest to pursue the claims. Because plaintiff filed the notice of appeal after her mother's death, when she was no longer the real party in interest to pursue the claims, and because a personal representative for her mother's estate was not substituted on appeal within the time permitted by ORCP 34 B, plaintiff's appeal from the judgment dismissing the financial abuse claims was dismissed.

Appeal of general judgment and supplemental judgments for attorney fees against plaintiff Monique Tyler, on behalf of Audrey B. Butler, dismissed; supplemental judgments for attorney fees against plaintiff Monique Tyler in her personal capacity affirmed.

Gregory F. Silver, Judge.

Andrew T. Reilly argued the cause for appellant. Also on the briefs was Stillwater Law Group LLC.

Wendy M. Margolis argued the cause for respondents. Also on the joint answering brief were Cosgrave Vergeer Kester LLP, Deanna Wray, Vickie M. Smith, and Bodyfelt Mount LLP, and George S. Pitcher and Lewis Brosbois Bisgaard & Smith LLP.

Before Powers, Presiding Judge, and Egan, Chief Judge, and Brewer, Senior Judge.*

BREWER, S. J.

Appeal of general judgment and supplemental judgments for attorney fees against plaintiff Monique Tyler, on behalf of Audrey B. Butler, dismissed; supplemental judgments for attorney fees against plaintiff Monique Tyler in her personal capacity affirmed.

_____

* Egan, C. J., *vice* Hadlock, J. pro tempore.

**BREWER, S. J.**

This case presents the question whether a trustee of a vulnerable person's revocable trust is the real party in interest to continue an action under ORS 124.100 (2013)[1] for financial abuse of the vulnerable person after the vulnerable person's death. For the reasons discussed below, we conclude that, upon the vulnerable person's death, a financial abuse claim survives to the personal representative of the vulnerable person's estate. At that time, the trustee no longer is the real party in interest to pursue such a claim. Because the trustee in this action filed the notice of appeal after the vulnerable person's death, when the trustee no longer was the real party in interest to pursue the claims, and a personal representative for the vulnerable person's estate was not substituted on appeal within the time permitted by ORCP 34 B, we dismiss the trustee's appeal from the judgment dismissing the financial abuse claims.[2]

In the years before this action was filed, Audrey Butler and her assets had been the subject of multiple court proceedings, including a guardianship proceeding brought by Butler's daughter, plaintiff Monique Tyler, in Kentucky and an elder abuse claim against Tyler and Tyler's husband in Oregon. This action was filed by Tyler in October 2014, when Butler was 96 years old, against three attorneys who had been involved in the previous proceedings. The complaint identified the plaintiffs in this action as "Monique Tyler, on behalf of Audrey B. Butler, a vulnerable person; and Monique Tyler, in her personal capacity," and alleged that Tyler is "the trustee of the Audrey B. Butler Revocable Trust U/A/D 6/1/2012." On Butler's behalf, the complaint alleged claims for financial abuse of a vulnerable person under ORS 124.100[3] and civil conspiracy against all three defendants. The financial abuse claims specifically alleged that defendants "wrongfully obtained money from Butler" and "caused Butler to suffer" economic and noneconomic

---

[1] ORS 124.100 was amended by Oregon Laws 2015, chapter 568, sections 2 and 5. All references to ORS 124.100 in this opinion refer to the 2013 version.

[2] As to the trustee's appeal of the supplemental judgment awarding attorney fees on the trustee's personal claims, we affirm without discussion.

[3] A "vulnerable person" is a person who is elderly, financially incapable, incapacitated, or, in certain circumstances, has a disability. ORS 124.100(1)(e).

damages. On Tyler's behalf, the complaint alleged claims against all three defendants for intentional interference with prospective inheritance, intentional infliction of emotional distress, and civil conspiracy.

All three defendants filed special motions to strike under ORS 31.150, arguing that the claims against them were based on their participation in the Kentucky and Oregon proceedings.[4] After briefing and multiple hearings, Tyler conceded the motions on the claims for intentional interference with prospective inheritance, intentional infliction of emotional distress, and civil conspiracy, and the court granted defendants' motions to strike the financial abuse claims. After entering a general judgment dismissing the complaint in its entirety without prejudice, the trial court entered supplemental judgments awarding to each defendant attorney fees and costs pursuant to ORS 31.152(3).

Butler died on February 7, 2016, shortly after entry of the general judgment. A few weeks later, Tyler filed a notice of appeal from the general judgment, identifying the appellants as "Monique Tyler, on behalf of Audrey B. Butler, a vulnerable person; and Monique Tyler, in her personal capacity." On August 11, 2016, Tyler filed an amended notice of appeal from the supplemental judgments, identifying the same appellants. In her opening brief, Tyler assigned error to (1) the dismissal of the financial abuse claims, and (2) the amount of attorney fees awarded under ORS 31.152.[5]

Over a year after Tyler filed the notice of appeal, defendants filed a joint motion to dismiss the appeal on the ground that Tyler lacked authority to initiate or pursue an appeal on Butler's behalf. Defendants argued that, although Tyler presumably had authority as Butler's trustee under ORS 124.100(3)(d) to bring financial abuse claims on Butler's behalf while Butler was living, upon Butler's death, those

---

[4] Under ORS 31.150, a defendant may make a special motion to strike against a claim in a civil action if the claim arises out of an "oral statement made, or written statement or other document submitted, in a *** judicial proceeding."

[5] Accordingly, the dismissal of Tyler's personal claims for intentional interference with prospective inheritance, intentional infliction of emotional distress, and civil conspiracy is not at issue on appeal. The supplemental judgment awarding attorney fees with respect to those claims, however, is at issue on appeal. As noted, we affirm the supplemental judgment without discussion.

claims survived to the personal representative of her estate, ORS 115.305, and only the personal representative had authority to pursue those claims on appeal. ORS 124.100 (3)(c). Because no personal representative was substituted and the one-year period for substitution under ORCP 34 B(1)[6] and ORAP 8.05(1)[7] had expired, defendants argued that Tyler was not authorized to pursue the appeal.

The Appellate Commissioner concluded that Tyler lacked authority to pursue the financial abuse claims brought on behalf of Butler, determining that, after Butler died, those claims survived to her estate. According to the commissioner, Tyler then lost authority to pursue the appeal as to any claims brought on Butler's behalf. The Appellate Commissioner concluded, however, that Tyler could proceed with respect to her second assignment of error pertaining to the supplemental judgments, insofar as they awarded attorney fees for defendants' effort to secure dismissal of Tyler's personal claims.

On Tyler's motion for reconsideration, this court adhered to the Appellate Commissioner's determination that, in light of Butler's death, Tyler lacked authority to pursue the financial abuse claims that are the subject of Tyler's first assignment of error. However, the court granted Tyler leave to renew her motion for reconsideration before the merits panel.

In her amended opening brief, Tyler argues that, as trustee of Butler's revocable trust, she was expressly authorized under ORS 124.100(3)(d) to bring an action as a party plaintiff for financial abuse of a vulnerable trustor when the trustor is deceased. She also asserts that ORS 130.725(24) vests in trustees the power to prosecute any action necessary to protect trust property without regard to whether the trustor is alive. And, as the proper party to any such action, Tyler argues that a personal representative need not be

---

[6] ORCP 34 B provides, in part:

"In case of the death of a party, the court shall, on motion, allow the action to be continued:

"B(1) By such party's personal representative or successors in interest at any time within one year after such party's death[.]"

[7] ORAP 8.05(1) adopts ORCP 34 in appellate proceedings.

substituted in place of the trustee if the trustor dies while the action is pending. In Tyler's view, the survival statute, ORS 115.305, does not apply because a financial abuse claim under ORS 124.100(3)(d) is not brought by the deceased trustor. Finally, Tyler asserts that, even if a trustee's claim for financial abuse no longer may be prosecuted on the death of the trustor, the one-year time limitation in ORCP 34 does not apply because no "party" has died.

In response, defendants acknowledge that ORS 124.100(3)(d) authorized Tyler, as trustee, to bring the financial abuse claims on Butler's behalf during Butler's lifetime. Defendants assert, however, that ORS 124.100(3)(d) did not confer any substantive rights on Tyler as a trustee nor did that statute convert Butler's financial abuse claim into trust property. Accordingly, defendants assert that, when Butler died, the financial abuse claims survived to her estate and that, although ORS 124.100(3)(c) confers standing on the personal representative of an estate to pursue claims, Tyler is not the personal representative, nor has a personal representative been substituted for Tyler. In defendants' view, because the appeal of the dismissal of the financial abuse claims was not initiated or continued by the real party in interest, this court should dismiss the appeal.

As framed by the parties, we must first determine whether the financial abuse claims inured to Tyler, as trustee, or to Butler, as the vulnerable person. Once we have made that determination, we must determine the effect of Butler's death on Tyler's authority to pursue the claim. As explained below, we agree with defendants that the financial abuse claims belonged to Butler and that, on her death, those claims survived to her personal representative. Accordingly, Tyler is not the real party in interest to pursue the claims on appeal.

To determine whether the financial abuse claims belonged to Tyler as trustee or to Butler as the vulnerable person, we begin with the text of the statute on which the financial abuse claim was based. *See State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009) (to determine legislative intent, the court first examines the text and context of a statute). That statute, ORS 124.100, provides, in part:

"(2)   A vulnerable person who suffers injury, damage or death by reason of physical abuse or financial abuse may bring an action against any person who has caused the physical or financial abuse or who has permitted another person to engage in physical or financial abuse. * * *

"* * * * *

"(3)   An action may be brought under this section only by:

"(a)   A vulnerable person;

"(b)   A guardian, conservator or attorney-in-fact for a vulnerable person;

"(c)   A personal representative for the estate of a decedent who was a vulnerable person at the time the cause of action arose; or

"(d)   A trustee for a trust on behalf of the trustor or the spouse of the trustor who is a vulnerable person."

Subsection (2) authorizes a vulnerable person *who has suffered abuse* to bring the action for financial abuse. Subsection (3) sets out the classes of persons who have standing to bring a financial abuse claim under ORS 124.100(2). As relevant here, a trustee may bring an action *on behalf of the vulnerable person*. ORS 124.100(3)(d).

As the text of ORS 124.100 makes clear, a financial abuse claim belongs to the vulnerable person. That is, it is the vulnerable person who has suffered abuse who may bring the claim. ORS 124.100(2). Other persons authorized to file an action—whether a guardian, conservator, or attorney-in-fact, personal representative, or a trustee—are representatives who do so *on behalf of* the vulnerable person. In sum, the financial abuse claims at issue here were personal to the vulnerable person and did not belong to the trust or the trustee.[8]

---

[8] Nothing in the legislative history of ORS 124.100 suggests that a claim for financial abuse belongs to the trust or to the trustee. The addition of trustees to the list of persons with standing to pursue financial abuse claims was intended to fill a gap in the law and thereby bolster the protection of elderly persons. Specifically, the legislature recognized that, although a trustee often is ideally situated to recognize abuse of a vulnerable person due to the close fiduciary relationship with the trustor, a trustee may not also be a "guardian, conservator

     The complaint in this case is consistent with that understanding, in alleging that defendants "wrongfully obtained money from Butler" and "caused Butler to suffer" economic and noneconomic damages. Following the text of the statute, the complaint alleged that Butler, the vulnerable person, suffered the harm. Pursuant to the statute, Tyler, as trustee, brought the financial abuse claims on behalf of the vulnerable person. Tyler did not allege harm to the trust nor did she assert the claims on behalf of the trust.[9]

     Having determined that a claim for financial abuse is personal to the vulnerable person, we next consider what effect the vulnerable person's death had on the trustee's standing to pursue the claim in this case. The answer is straightforward. Under ORS 115.305, "[a]ll causes of action or suit, by one person against another, survive to the personal representative of the former and against the personal representative of the latter." Accordingly, on Butler's death, the financial abuse claims survived to the personal representative of her estate. At that time, Tyler, as trustee of Butler's revocable trust, no longer had authority to pursue the financial abuse claims on Butler's behalf.

     We reject Tyler's argument that a trustee may bring an action for financial abuse regardless of whether the trustor is alive or deceased. The controlling statute provides that a trustee may bring a financial abuse claim "on behalf of the trustor or the spouse of the trustor who *is* a vulnerable person." ORS 124.100(3)(d) (emphasis added). In contrast, a personal representative may pursue a financial abuse claim for "the estate of a decedent who *was* a vulnerable person" when the claim arose. ORS 124.100(3)(c) (emphasis added). Although subsection (d) applies where a vulnerable person

_____

or attorney-in-fact." A trustee without such a relationship would be required to initiate a guardianship or conservatorship proceeding solely to pursue the financial abuse claim, which would be an inefficient use of judicial resources. The amendment to ORS 124.100 was intended to allow an additional trusted fiduciary to bring a financial abuse claim on behalf of a vulnerable person. *See* Exhibit G, House Committee on Judiciary, Subcommittee on Civil Law, HB 2291, January 31, 2005 (accompanying statement of Ryan E. Gibb).

     [9] The trust document is not included in the record. Thus, whether and to what extent the trust might have benefitted from successful prosecution of the financial abuse claims is unknown.

who *is* living suffers alleged abuse, subsection (c) applies where the vulnerable person is no longer living but *was* a vulnerable person when the alleged abuse occurred. We assume that the legislature's use of different verb tenses was intentional. *See Martin v. City of Albany*, 320 Or 175, 181, 880 P2d 926 (1994) ("The use of a particular verb tense in a statute can be a significant indicator of the legislature's intention."). In short, as the text of the statute makes clear, a trustee is authorized to initiate or maintain a financial abuse claim on behalf of the trustor only if the trustor is a vulnerable person who is living.

Tyler further contends that she has standing to pursue this appeal because Butler was never the real party in interest in this case. In support of that argument, Tyler observes that, under ORCP 26 A, the trustee of an express trust can maintain an action as the real party in interest. In Tyler's view, ORS 124.100(3)(d) vests authority in a trustee of an express trust to bring and maintain an action for financial abuse of the trustor. Additionally, she argues that because ORCP 34 B requires substitution only upon the death of a *party*, no substitution was required in this case because Tyler, not Butler, is the party in this action.

Tyler is correct that, at the time this action was filed, she was the real party in interest. As this court has explained, two classes of persons may be regarded as the "real party in interest" under ORCP 26 A.[10] The first class encompasses persons who will be "benefited or injured by the judgment in the case," and the second class consists of persons who are "statutorily authorized to bring an action." *Association of Unit Owners v. Dunning*, 187 Or App 595, 607, 69 P3d 788 (2003). Tyler was authorized by ORS 124.100 (3)(d) to bring this action on behalf of Butler.[11] Accordingly,

_____

[10] ORCP 26 A provides, in part:

"Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, conservator, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that party's own name without joining the party for whose benefit the action is brought[.]"

[11] Tyler is incorrect that the part of ORCP 26 A that authorizes the trustee of an express trust to bring and maintain an action as the real party in interest applies in this case. That part of ORCP 26 A provides that a trustee of an express

Tyler was the real party in interest and could bring the action for the benefit of Butler. *See* ORCP 26 A. However, as we have concluded, on Butler's death, the financial abuse claims survived to the personal representative of her estate. *See* ORS 115.305. After Butler died, Tyler therefore no longer was the real party in interest to pursue those claims. *See* ORCP 26 A; *see also Concienne v. Asante*, 299 Or App 490, 498, 450 P3d 533 (2019) ("'Parties have standing to assert only their own legal rights and cannot rest their claims upon the legal rights of third parties.' It follows that a party who is not the 'real party in interest' to a claim necessarily lacks standing to seek resolution of the claim in our courts." (Citation omitted.)).

It is true that ORCP 34 A provides that "[n]o action shall *abate* by the death *** of a party *** if the claim survives or continues." (Emphasis added.) It also is true that Oregon Rule of Appellate Procedure 8.05(1) provides that "Oregon Rule of Civil Procedure (ORCP) 34, relating to substitution of parties in civil cases, is adopted." However, the issue before us is not one of nonabatement but, rather, whether, in light of Butler's intervening death, Tyler had authority to prosecute an appeal from the judgment dismissing the financial abuse claims. Assuming arguendo that—in the absence of the appointment of a personal representative for Butler's estate before the time for filing a notice of appeal had expired—Tyler was authorized to file a notice of appeal from the judgment dismissing the financial abuse claims, the fact remains that no personal representative was substituted within the time prescribed under ORCP 34 B(1) to continue the action on appeal. Accordingly, we dismiss Tyler's appeal from the judgment dismissing the financial abuse claims.

Appeal of general judgment and supplemental judgments for attorney fees against plaintiff Monique Tyler, on behalf of Audrey B. Butler, dismissed; supplemental judgments for attorney fees against plaintiff Monique Tyler in her personal capacity affirmed.

---

trust may bring and maintain an action as the real party in interest on behalf of the trust, not the trustor. *See* ORS 130.725(24) (a trustee may "[p]rosecute or defend an action, claim or judicial proceeding *** to protect trust property and the trustee in the performance of the trustee's duties").